UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

DOMONIQUE GIST,

                      Plaintiff,

          -against-

CITY OF NEW YORK, JOHN/JANE DOE
NYPD OFFICERS 1-5, and JOHN/JANE DOE
CORRECTIONAL OFFICERS 1-5,

                    Defendants.

-------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

     This is an action to recover money damages arising out of the violation of Plaintiff Domonique Gist's ("Mr. Gist") rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

     1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

     2.     The Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

     3.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) as Plaintiff resides in the District and the claim arose in the District.

## JURY DEMAND

     4.     Mr. Gist respectfully demands a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

     5.     Mr. Gist is a citizen of the City of New York in Kings County in the State of New York.

     6.     Defendant City of New York was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

7.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

8.      That at all times hereinafter mentioned, John/Jane Doe NYPD Officers 1-5 ("NYPD Doe Defendants") were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

9.      Defendant CITY OF NEW YORK maintains the New York City Department of Corrections ("DOC"), a duly authorized public authority, authorized to perform all functions of a municipal corrections department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

10.     That at all times hereinafter mentioned, John/Jane Doe DOC Officers 1-5 ("DOC Doe Defendants") were duly sworn correctional officers of the NYC DOC and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## FACTS

13.     Mr. Gist lives in Brooklyn and was twenty years old at the time of this incident.

2

14.     Mr. Gist has a friend who lives at 1550 Sterling Place in Brooklyn.

15.     On or about March 21, 2014, Mr. Gist went to 1550 Sterling Place at his friend's invitation.

16.     NYPD Doe Defendants stopped Mr. Gist and asked him to show identification proving he was a resident.

17.     Mr. Gist explained that he was an invitee.

18.     NYPD Doe Defendants refused to make simple inquiry of Mr. Gist's friend who was there on the premises to confirm that Mr. Gist was an invitee and arrested Mr. Gist for trespassing.

19.     NYPD Doe Defendants asked the building's landlord whether Mr. Gist was permitted to be in the building.  As that man did not know Mr. Gist, that man would have no knowledge of Mr. Gist's status as an invitee with permission to be in the building such that NYPD Doe Defendants lacked evidence reasonably supporting probable cause to believe that Mr. Gist had trespassed.

20.     Individual Defendants falsely represented to the District Attorney's Office that their evidence reasonably supported probable cause to believe that Mr. Gist had committed trespass.  This was not true.

21.     The Kings County District Attorney's Office charged Mr. Gist with trespass. Later, the charges were dismissed.

22.     While Mr. Gist was in custody on the false trespass arrest, NYPD Doe Defendants claimed that they had identified Mr. Gist as the subject of an outstanding warrant ("the Alleged Warrant").

3

23.    On information and belief, NYPD Doe Defendants' misidentification of Mr. Gist was malicious and an attempt to excuse or obscure NYPD Doe Defendants' lack of probable cause for Mr. Gist's false trespass arrest.

24.    Mr. Gist was not the subject of the Alleged Warrant.

25.    NYPD Doe Defendants did not have reasonable foundation to believe that Mr. Gist was the subject of the Alleged Warrant. Among other things, NYPD Doe Defendants took Mr. Gist's biometrics in connection with his custodial trespass arrest which would have demonstrated that he was not the subject of the Alleged Warrant. Other discrepancies between Mr. Gist and the subject of the Alleged Warrant existed such that NYPD Doe Defendants' conclusion that Mr. Gist was the subject of the Alleged Warrant was unreasonable. For example, on information and belief, Mr. Gist differed from the subject of the Alleged Warrant in age, weight, height, and in terms of other easily identifiable markers.

26.    Mr. Gist repeatedly told NYPD Doe Defendants that he was not the subject of the Alleged Warrant yet NYPD Doe Defendants refused to conduct even the most cursory check of the information.

27.    After Mr. Gist's appearance in Kings County Criminal Court relating to the false trespass charges, NYPD Doe Defendants caused Mr. Gist's transport to Rikers Island so that he could later be transported to New York County Criminal Court to answer for the Alleged Warrant.

28.    DOC Doe Defendants and NYPD Doe Defendants at Rikers Island then New York County Criminal Court repeatedly subjected Mr. Gist to intake or transport processing and failed to intervene to correct the unreasonable determination that Mr. Gist was the subject of the Alleged Warrant.

29.     On information and belief, once at New York County Criminal Court to answer for the Alleged Warrant, the fact that Mr. Gist was not the subject of the Alleged Warrant was clear by virtue of the fact that Mr. Gist was not "ordered up" to see a judge on the Alleged Warrant.  On information and belief, the fact that Mr. Gist was not "ordered up" was an indication that the City's systems did not recognize Mr. Gist as the Warrant Subject such that the Court knew to call him before the judge from the cell.

30.     Mr. Gist sat in a cell waiting for a judge to see him relative to the Alleged Warrant.

31.     All this time, NYPD Doe Defendants and/or NYDOC Doe Defendants knew that Mr. Gist was unlawfully held because the court's schedule did not contemplate that Mr. Gist would be called.

32.     Mr. Gist pleaded for someone to help him as the end of the day neared, as Mr. Gist recognized that he had been forgotten in the cell and there was no movement to produce him before a judge.

33.     An Individual NYPD Doe Defendant or an Individual NYDOC Doe Defendant responded to Mr. Gist's pleas for help and saw that he was no"not t the subject of the Alleged Warrant.

34.     NYPD Doe Defendants and/or NYCDOC Doe Defendants had this exact same information before them the entire time Mr. Gist was in custody yet unreasonably stated that there was probable cause to believe that Mr. Gist was the subject of the Alleged Warrant.

35.     NYPD Doe Defendants and/or NYDOC Doe Defendants finally freed Mr. Gist, giving him a letter stating:  "This person, Dominique Gist, appeared in [Criminal Court of the City of New York] on 3/24/14 to answer the charge(s) covered by the above docket(s).  It has

been found that the person who has appeared is not the person wanted by the court in this matter."

36.    The Docket Number printed on the letter is difficult to read, but as best the undersigned can make out, it appears to be 2013CN004826. (On information and belief, the "CN" may refer to a case docketing with a Community Court specializing in diversion programs.)

37.    Mr. Gist suffered damages as a result of Defendants' violation of his constitutional rights including deprivation of liberty, fabrication of evidence, and more.

38.    Defendants unconstitutionally deprived Mr. Gist of his liberty, caused him physical liberty, damaged his reputation, caused him emotional distress and fear that manifested in physical ailments and more.

39.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of identifying individuals as the subjects of outstanding warrants without requiring the use of reliable and readily available procedures, for example, biometrics.

40.    In addition, Mr. Gist's initial false arrest demonstrates the City of New York's unconstitutional policies in terms of NYPD "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting those individuals.

41.    The aforesaid incident is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar

wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Individual Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

42. The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the [NYPD] . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the [C]ity approving illegal conduct of the kind now charged.

Colon v. City of N.Y., No. 09 Civ. 8, No. 09 Civ. 9 (JBW), 2009 WL 4263363, at *2 (E.D.N.Y. Nov. 25, 2009).

43. Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

44. Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights. Despite such notice, Defendant City of New York has failed to take corrective action. This failure caused Individual Defendants in this case to violate Mr. Gist's constitutional rights.

45.     Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers.  Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

46.     All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

47.     All of the aforementioned acts deprived Mr. Gist of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

48.     The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49.     The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

51.     As a result of the foregoing, Mr. Gist is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**FIRST CLAIM**
**42 U.S.C. § 1983**

52.     Mr. Gist repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

53.     Defendants, by their conduct toward Mr. Gist alleged herein, violated Mr. Gist's rights guaranteed by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

54.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Mr. Gist of his constitututional rights.

55.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gist sustained the damages hereinbefore alleged.

**SECOND CLAIM**
**UNLAWFUL STOP, FALSE ARREST, UNREASONABLY LONG DETENTION AND MALICIOUS PROSECUTION**

56.     Mr. Gist repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

57.     Defendants violated the Fourth, Fifth and Fourteenth Amendments because they detained, arrested, incarcerated Mr. Gist for an unreasonably long time and/or prosecuted Mr. Gist without probable cause and the prosecution terminated in Mr. Gist's favor.

58.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Gist of his constitutional rights.

59.     Not only did Defendants' unreasonably misidentify Mr. Gist as the subject of the Alleged Warrant, Defendants knew of the uncertain identification and the fact that the Alleged Warrant was for a relatively minor offense, yet unreasonably caused Mr. Gist to be detained until March 24, 2014.

9

60.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gist sustained the damages hereinbefore alleged.

### THIRD CLAIM
### FABRICATION OF EVIDENCE AND DEPRIVATION OF FAIR TRIAL RIGHTS

61.     Mr. Gist repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

62.     Defendants violated the Fourth, Fifth, Sixth and Fourteenth Amendments because they fabricated evidence against Mr. Gist that was likely to influence a jury's decision relative to the proposed charge and forwarded that information to the prosecutor.

63.     Defendants unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and the specific intent to deprive Mr. Gist of his constitutional rights.

64.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gist sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### MALICIOUS ABUSE OF PROCESS

65.     Mr. Gist repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

66.     Defendants' issuance of process—setting in motion Mr. Gist's transport to Rikers then NY County Criminal Court to answer for the Alleged Warrant and unreasonably detaining Mr. Gist for an extended period of time—was done without justification as discussed herein and for an improper purpose.

67.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gist was subjected to excessive force and sustained the injuries hereinbefore alleged.

### FIFTH CLAIM
### FAILURE TO INTERVENE

68.     Mr. Gist repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

69.     The Individual Defendants actively participated in the aforementioned unlawful conduct and observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70.     Accordingly, the Individual Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

71.     Individual Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Gist of his constitutional rights.

72.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gist sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## MONELL

73.     Mr. Gist repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

74.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

75.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD and NYDOC included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Mr. Gist's rights as described herein.  As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and

11

supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

76. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD and the NYDOC included, but were not limited to: failure to use reliable and readily-available methods for identifying an individual as the subject of an outstanding arrest warrant, arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

77. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD and the NYDOC constituted deliberate indifference to Mr. Gist's safety, well-being and constitutional rights.

78. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD and the NYCDOC were the direct and proximate cause of the constitutional violations suffered by Mr. Gist as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Mr. Gist respectfully request the following relief:

A. An order entering judgment for Mr. Gist against Defendants on each of their claims for relief;

B. Awards to Mr. Gist for compensatory damages against all Defendants, jointly and severally, for their violation of Mr. Gist's Fourth, Fifth, Sixth and Fourteenth Amendment rights, the amount to be determined at jury trial, which Mr. Gist respectfully demands pursuant to FRCP 38;

C. Awards to Mr. Gist of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to Mr. Gist's constitutional rights and welfare, the amount to be determined at jury trial, which Mr. Gist respectfully demands pursuant to FRCP 38;

D. Awards to Mr. Gist of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:         April 8, 2016
               New York, New York


                              _____/s_____
                              Ryan Lozar  (RL0229)
                              305 Broadway, 9th Floor
                              New York, New York 10007
                              (310) 867-1562

                              *Attorney for Plaintiff*

,

13